IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


DAMIAN MACIAS,

    Plaintiff,

    v.                                        No. CIV 14-1105 JH/WPL

ALAN J. GRIFFIN, DEPUTY DISTRICT ATTORNEY
FIFTH JUDICIAL DISTRICT ATTORNEYS OFFICE,

    Defendants.


MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that Defendants caused Plaintiff's state criminal sentence to be increased for aggravating circumstances, in violation of New Mexico law and his due process rights. Specifically, Plaintiff alleges that the prosecutor failed to notify him of the aggravating circumstances and that the state intended to seek an increased sentence. He has been unable to obtain relief from this allegedly illegal custody in state habeas corpus proceedings. The complaint seeks damages and certain equitable relief.

The complaint names a state deputy district attorney and a district attorney's office as Defendants. Defendant Deputy District Attorney Griffin is immune to Plaintiff's claims in this § 1983 action. As the Supreme Court ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431; *and see Kersh v. Richardson*, 466 F. App'x 718, 720 (10th Cir. 2012). Because Defendant Deputy District Attorney Griffin took the alleged actions as part of the state's prosecution of a criminal proceeding, the Court will dismiss Plaintiff's claims against this Defendant.

Furthermore, to the extent Plaintiff seeks relief under 42 U.S.C. § 1983 separately against the named state agency, his claims are precluded by the terms of the statute. "[N]either [the state nor its agencies] "are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69-70 (1997); and citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's claims against Defendant

Fifth Judicial District Attorneys Office.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE